Marilyn J. SZATANEK, as Executrix of the Estate of Edward J. Szatanek, deceased, Plaintiff,

v.

McDONNELL DOUGLAS CORPORATION, Defendant.

No. CIV–82–427E.

United States District Court, W.D. New York.

July 29, 1985.

Arthur H. Rosenberg, New York City, for plaintiff.

Mendes & Mount, New York City, for defendant.

## MEMORANDUM

ELFVIN, District Judge.

This is an action to recover wrongful death and survival damages brought by the estate of the decedent, Edward S. Szatanek. Szatanek was a crew member aboard an airplane manufactured by defendant McDonnell Douglas Corporation which crashed June 9, 1979 in Niagara Falls, N.Y. Plaintiff has now moved pursuant to Fed. R.Civ.P. rules 37(d) and 56(a) to strike defendant's Answer and for summary judgment upon the issue of liability.

On June 17, 1983 defendant was served with plaintiff's First Supplemental Request for Production of Documents and Things. Defendant was thereafter served with plaintiff's First Set of Interrogatories and plaintiff's First Request to Admit June 27, 1983. The information sought through the discovery demands is alleged by plaintiff to be crucial to the issues of liability. Pursuant to Fed.R.Civ.P. rules 33(a), 34(b) and 36(a), defendant was required to comply with the discovery requests within thirty days of service of each respective request.

Plaintiff's counsel telephonically contacted defendant's counsel after the respective thirty-day periods to inquire into the lack of compliance and defendant's counsel then was granted an extension of thirty days within which to comply. Defendant's counsel again failed to meet the new deadline and plaintiff's counsel wrote to defendant's counsel September 7, 1983 requesting him to contact plaintiff's counsel prior to September 16th. The attorneys conferred by telephone September 12, 1983, defendant's counsel apparently conceding that he was delinquent. Affidavit of Arthur H. Rosenberg (sworn to December 6, 1983) at page 4. Plaintiff's counsel nonetheless granted defendant's counsel a further extension of time to comply—to wit, until October 12, 1983.

Defendant's counsel was advised by plaintiff's counsel that plaintiff intended to commence depositions in late September. On September 26th plaintiff's attorney mailed a notice of various depositions to be held October 5th, 6th and 7th at a military base in Oklahoma. Defendant's counsel, who then was engaged in a state court trial, avers that he did not receive the notice of depositions until October 3rd and that he then advised plaintiff's counsel that he was unable to attend such depositions as the result of his pending trial.[1] In an October 4th letter to defendant's counsel plaintiff's counsel agreed to an adjourn-

---

1. There exists a factual dispute as to when defendant's counsel received the notice of deposition. While he avers that he did not receive it until October 3rd, plaintiff's counsel states that he received a telephone call from defendant's counsel's secretary September 30th requesting an adjournment of the depositions and that he was again contacted by the secretary October 4th. A factual dispute also exists as to representations made by the United States Magistrate and by the secretary. See Affidavit of Brian P. Fitzgerald (sworn to December 16, 1983) ¶ 8; Affidavit of Arthur H. Rosenberg, supra, at page 5.

ment of the depositions and reminded defendant's counsel of the October 12th date for compliance with the discovery requests.

Defendant's counsel once again failed to meet the agreed date and on October 14th plaintiff's counsel wrote to defendant's counsel and requested that the latter be in contact immediately. Defendant's counsel did nothing until December 1, 1983 when he wrote that he "should be forwarding our responses to your outstanding discovery requests within ten days." Affidavit of Arthur H. Rosenberg, Exhibit H. Plaintiff's counsel served the instant motion December 6th and there is no indication from this Court's docket sheet or otherwise that such discovery requests have been complied with to date.

■ Plaintiff now seeks an Order striking defendant's Answer, deeming admitted all facts contained in plaintiff's unanswered Requests to Admit, and hence granting plaintiff's motion for summary judgment as to liability issues in light of the lack of any disputed material facts. Defendant first seeks to avoid the consequences of his attorney's dilatory actions by asserting plaintiff's lack of compliance with rule 17 of this Court's Local Rules of Practice. Such rule, which requires attorneys to make sincere attempts to resolve discovery disputes prior to moving for discovery and production of documents, has been often used to deny such motions when its strictures have not been met. Defendant cannot legitimately contend at this juncture, however, that plaintiff has failed to comply with the rule. Compliance with the discovery requests was originally required by defendant in late July. Plaintiff's counsel extended such compliance out of professional courtesy until it was evident that such efforts were ignored. Although plaintiff's counsel did not contact defendant's counsel telephonically prior to this motion, plaintiff's counsel wrote to defendant's counsel concerning the discovery requests *after* the last extension had not been met and defendant's counsel did not reply for almost two months. It strains credibility to accept that the lack of tele-

phonic communication subsequent to this letter would constitute non-compliance with rule 17, particularly when viewed against the background of defendant's counsel's prior actions. Moreover, the fact that plaintiff's counsel contacted defendant's counsel to inquire into the lack of compliance on the prior occasions can not be overlooked by this Court. In light of the history of these discovery attempts and of plaintiff's counsel's numerous and sincere efforts to obtain compliance with such, defendant's contention that the local rule has not been complied with is untenable.

■ In weighing plaintiff's instant motions notice must be taken of the procedures respectively applicable to the discovery requests at issue. Failure to comply with discovery requests made pursuant to Fed.R.Civ.P. rule 33 (interrogatories) and rule 34 (production of documents) are explicitly encompassed by the sanctions provided by rule 37—*see* Fed.R.Civ.P. rule 37(a)—including the assessment of costs and expenses. Rule 37(c), however, permits the assessment of costs and expenses concerning rule 36 requests for admission only when a denial has been wrongly made, not when a party fails to respond to the request. *See*, 4A *Moore's Federal Practice*, ¶ 36.05[4] n. 6. Accordingly, plaintiff's various discovery requests must be considered independently.

### Request to Admit

■ Fed.R.Civ.P. rule 36(a) provides in part that "[t]he matter is admitted unless, within 30 days after service of the request * * *, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter * * *." Although the failure to take any action within the prescribed period results in admission of facts stated therein, a court enjoys the discretion to permit a party to file such requests subsequent to the expiration of the time period when the delay was not occasioned by a lack of good faith, when such filing will facilitate a proper determination of the merits and when the untimely

response will not unduly prejudice the requesting party. *See Donovan v. Carls Drug Co., Inc.,* 703 F.2d 650, 652 (2d Cir. 1983); *Warren v. International Broth. of Teamsters, Etc.,* 544 F.2d 334, 339–340 (8th Cir.1976); *United States v. Lake Killarney Apartments, Inc.,* 443 F.2d 1170 (5th Cir.1971); *French v. United States,* 416 F.2d 1149, 1152 (9th Cir.1969); *Moosman v. Joseph P. Blitz,* 358 F.2d 686, 688 (2d Cir. 1966). Although the standard for determining whether a party can avoid the stated consequences of failing to comply timely with a request for admissions has not been firmly established, a number of courts have accepted the standard enunciated in *Pleasant Hill Bank v. United States,* 60 F.R.D. 1, 3 (W.D.Mo.1973): "The court may permit [an untimely filing of answers] when the presentation of the merits of the action will be subserved thereby and the party who obtains the admission fails to satisfy the court that [the untimely filing] will prejudice him in maintaining his action or defense on the merits." *See Warren v. International Broth. of Teamsters, Etc., supra.*

■ A review of plaintiff's request to admit reveals that plaintiff asked defendant to admit sixty-seven separate facts, many of which concern the ultimate liability of defendant.[2] Contrary to plaintiff's assertions, the record in this case indicates that defendant's counsel was not trying to obstruct discovery but rather was proceeding slothfully. The record also indicates that counsel for both parties had generally cooperated and compromised when problems with discovery deadlines had arisen prior to this juncture—*see* Affidavit of Brian P. Fitzgerald, ¶ 7,—and that efforts to comply with the discovery requests had been made, as evidenced by defendant's counsel's letter of December 1st. Although these efforts do not excuse defendant's counsel's careless nonfeasance, it is evident from the nature of the case that its merits are contested and that a just disposition of this case will be best served by

permitting the answers to be served at this juncture.

Plaintiff fails, moreover, to persuade that her position as to the merits has been seriously prejudiced. She can not assert prejudice merely because she must prosecute this case upon its merits. *See Warren v. International Broth. of Teamsters, Etc., supra* at 340. Her counsel asserts in his memorandum that she has been severely prejudiced as the result of the delay in that formerly available witnesses are now unavailable. Putting aside the failure of counsel to assert such in an evidentiarily acceptable manner, the consequences of failing to respond to a request for admissions are wholly separate from those of failing to comply with a notice of deposition. There is no indication that defendant's timely answers, denials, explanations or objections to the requests would have permitted defendant's counsel to attend the deposition as scheduled. Moreover, Fed.R. Civ.P. rule 30(b) requires the giving of *reasonable* notice of deposition. The instant notice was mailed September 26th and, given the normal allowances for service by mail—*see, e.g.,* Fed.R.Civ.P. rule 6(e) (permitting the addition of three days to a prescribed time period when service is made by mail)—, it is evident that defendant's counsel would not have received notice for a number of depositions until at most five days prior to the scheduled examinations. Finally, plaintiff has failed to indicate, for purposes of considering the untimely answer to the request to admit, any reason why the procedures provided for in rule 31 would not suffice or why an imposition of costs pursuant to rule 37 would not cure any possible injury.

In gauging the possibility of prejudice to plaintiff due to delay in complying with the request for admissions, the history of the case is pertinent. The Complaint was filed June 2, 1981 in the United States District Court for the Southern District of New York. Plaintiff's first request for the production of documents was made January

---

**2.** The issue of the proper scope of such requests—*i.e.,* whether such requests call for opin- ions or conclusions—has not been presented and is not considered.

29, 1982. The case was ordered transferred to this Court May 3, 1982; plaintiff filed a request for document production July 13, 1982 and such request was fulfilled September 23, 1982. Defendant filed a supplemental response to plaintiff's request December 16, 1982 and filed defendant's first set of interrogatories January 31, 1983. Plaintiff filed the answers to such interrogatories May 5, 1983 and filed in June the discovery requests now before this Court. A discovery termination deadline of December 13, 1983 had been established by the United States Magistrate, but no date for trial had yet been set. Thus it cannot be said whether the plaintiff or the defendant has been the more dilatory in proceeding with this case prior to the instant dispute.

In striking a balance between the diligence in litigation and the interests of justice, it is evident that the interests of justice will not be furthered in determining all the issues as to liability in this lawsuit on the basis of various missed deadlines and defendant's counsel's negligence. *Hadra v. Herman Blum Consulting Engineers*, 74 F.R.D. 113 (N.D.Tex.1977). In that plaintiff seeks admission of the dispositive facts of the case via defendant's noncompliance with the rule and that no real prejudice in litigating the action on the merits has accrued as the result of the delay, "substantial justice" would best be achieved by deeming the proffered facts not admitted but rather by ordering defendant to respond forthwith. *Warren v. International Broth. of Teamsters, Etc., supra,* at 340. *Williams v. Krieger,* 61 F.R.D. 142 at 144 (1973).

*Interrogatories and Production of Documents*

■ The issues presented by defendant's failure to date to answer plaintiff's interrogatories and to comply with her request for production of documents are less complicated than those presented by its failure to comply with the request for admissions. It is uncontested that defendant failed to respond timely to these discovery requests and that Local Rule 17 has been complied

with. Moreover, it is clear that the failure to comply with such is without substantial justification. Thus, the issue becomes one solely of sanctions, although plaintiff contends that defendant has willfully obstructed discovery and that defendant's Answer must for that reason be stricken. Noting the above-mentioned history of this case and this first instance—albeit extended—of defendant's counsel's nonfeasance in complying with the duly served discovery requests, I am unwilling to impose such a harsh sanction. Rather, in light of the lack of any real and demonstrated prejudice to plaintiff's ability to put forth its case on the merits and of the lack of bad faith on the part of defendant's counsel, plaintiff is entitled to an order compelling defendant to comply with the interrogatories and request for production of documents and, as a consequence and upon submission to the court of a proper supporting affidavit, an award of reasonable attorney's fees and expenses incurred in obtaining the order pursuant to Fed.R.Civ.P. rule 37(a)(4).

■ Lastly, having determined that the interests of justice would not be served in deeming admitted the facts encompassed in plaintiff's request for admissions but having determined that defendant clearly failed to comply with the rules, there remains the question as to the appropriate sanction for this failure. As noted above, rule 36 does not confer an award of expenses when a party fails to answer such a request. In that courts have adopted the position that permitting a late filing is equivalent to permitting a party to withdraw or amend admissions made under rule 36(b), it is logical to equate plaintiff's efforts to have the requested facts deemed admitted with a motion pursuant to rule 36(a) to determine the sufficiency of answers submitted. Accordingly, the provisions of rule 37(a)(4) similarly apply to plaintiff's efforts; similarly plaintiff is entitled to an award of reasonable expenses incurred in seeking compliance with the rule 36 request upon submission to the Court of a proper supporting affidavit.

On the basis of the foregoing this Court issued its Order dated December 26, 1984.