**David T. CLARK and Michelle Clark, Plaintiffs,**

v.

**CITY OF MUNSTER; City of Munster Police Department; Thomas Rhind, Chief of Police of the City of Munster; Nick Panich; Michael Abbott; John Hluska; and Steven Pistekas, Defendants.**

**Civ. No. H 86–267.**

United States District Court,
N.D. Indiana,
Hammond Division.

May 26, 1987.

---

Brian J. Hurley, Douglas, Douglas & Douglas, Valparaiso, Ind., for plaintiffs.

Eugene M. Feingold, Munster, Ind., Peter Koransky, Spangler, Jennings, Spangler & Dougherty, Merrillville, Ind., for defendants.

## ORDER

ANDREW P. RODOVICH, United States Magistrate.

This matter is before the Court on the Motion to Strike filed by the defendants on February 5, 1987, the Motion for Protective Order and for [sic] Quash Subpoena Duces Tecum filed by the plaintiffs on March 18, 1987, the Motion to Compel Discovery filed by the defendants on April 6, 1987, the Motion to Compel Discovery filed by the defendants on December 8, 1986, and the Motion to Amend Complaint filed by the plaintiffs on January 27, 1987. For the reasons set forth below, the Motion to Strike is DENIED, the Motion for Protective Order is GRANTED, the Motion to Compel filed April 6, 1987, is DENIED, the Motion to Compel filed December 8, 1986, is GRANTED IN PART, and the Motion to Amend is GRANTED.

### Factual Background

On March 25, 1986, the plaintiffs, David T. Clark and Michelle Clark (hereafter David and Michelle respectively), filed a complaint against the defendants alleging that David was arrested without probable cause and charged with the brutal beating of his wife, Michelle. Michelle was beaten severely on March 26, 1984, and based upon a statement allegedly given by Michelle, the defendant police officers filed attempted murder charges against David which resulted in his arrest and imprisonment. When Michelle later repudiated her statements implicating David, the charges were dismissed. The plaintiffs now allege that the defendants violated various constitutional rights by filing the charges and obtaining the arrest of David. 42 U.S.C. § 1983.

### Motion to Strike

On December 16, 1986, the defendants served a Request for Admissions of

Fact upon the plaintiffs. The requests contained five rhetorical paragraphs which asked the plaintiffs to admit the authenticity of five separate documents. The first two documents were statements purportedly signed by Michelle while she was hospitalized, and the remaining three documents were *Miranda* waiver forms purportedly signed by David on three separate occasions. On February 3, 1987, more than 30 days after the requests for admission were filed, the plaintiffs filed answers admitting the authenticity of the *Miranda* waiver forms signed by David but denying the authenticity of the statements purportedly given by Michelle. The defendants now object to the answers as being untimely.

Federal Rule of Civil Procedure 36 provides in pertinent part:

(a) A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request.... Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney....

(b) Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provisions of Rule 16 governing the amendment of a pretrial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits....

Pursuant to Rule 36(b), the district court may permit a party to withdraw admissions upon motion "only when (1) the presentation of the merits will be aided and (2) no prejudice to the party obtaining the admission will result." *Donovan v. Carls Drug Company, Inc.*, 703 F.2d 650, 652 (2nd Cir.1983). *See also Gutting v. Falstaff Brewing Corporation*, 710 F.2d 1309, 1313 (8th Cir.1983); *Gardner v. Southern Railway Systems*, 675 F.2d 949, 953 (7th Cir. 1982); *Szatanek v. McDonnell Douglas Corporation*, 109 F.R.D. 37, 40 (W.D.N.Y. 1985); and *Equal Employment Opportunity Commission v. Baby Products Company*, 89 F.R.D. 129, 132 (E.D.Mich.1981).

First, "it is evident from the nature of the case that its merits are contested." *Szatanek*, 109 F.R.D. at 40. In the Response to Request for Admissions of Fact filed on February 3, 1987, and in her deposition taken November 6, 1986, Michelle denied signing the statements implicating David in the attack. Therefore, "a just disposition of this case will be best served by permitting the [late] answers" to stand. *Szatanek*, 109 F.R.D. at 40.

Second, the defendants have demonstrated no prejudice. At the hearing on the pending motions, the defendants merely stated that they would be prejudiced by requiring them to prove that the statements were signed by Michelle. However, the defendants "cannot assert prejudice merely because" they "must prosecute this case on the merits." *Szatanek*, 109 F.R.D. at 40. The courts have held that:

The prejudice contemplated by the rule "relates to the difficulty a party may face in proving his case" because of the sudden need to obtain evidence required to prove the matter that had been admitted. (Citations omitted)

*Gutting*, 710 F.2d at 1314.

Since Michelle denied executing the documents at her November 6, 1986 deposition and since the answers were less than three weeks late, the defendants could not have relied upon the admissions to their preju-

dice in their preparation for trial. *Gardner*, 675 F.2d at 954. Additionally, both statements allegedly were witnessed by two of the defendants, Michael Abbott and Nick Panich. Therefore, the defendants have testimony available to them relating to the authenticity of the statements. For those reasons, the Motion to Strike must be DENIED.

### *Motion for Protective Order and Motion to Compel*

After criminal charges were filed against him, David hired Attorney Nick J. Thiros (hereafter Thiros) to represent him in the criminal proceedings. Thiros in turn hired Mike Bobele and Gerri Bobele (hereafter the Bobeles), private investigators, to assist him in the defense. The Bobeles interviewed several individuals including David, Michelle, and their neighbors.

In response to interrogatories filed by the defendants, David and Michelle listed the Bobeles as prospective witnesses. When the defendants scheduled the depositions of the Bobeles, they served a subpoena on the Bobeles requiring them to bring their entire file to the deposition. David and Michelle refused to produce the Bobeles' file for the depositions. The Motion for Protective Order claims that the Bobeles' investigation is protected by both the attorney-client and work product privilege. The Motion to Compel filed on April 6, 1987 seeks an order requiring the production of the Bobeles' file at the deposition.

The plaintiffs produced the Bobele file for an *in camera* examination. The file contained statements from the following individuals: Robert Gresham dated May 15, 1984; George Novak dated May 15, 1984; Lawrence Maka dated May 15, 1984; David Clark dated May 16, 1984; Gayle Kornmann dated May 31, 1984; Kenneth Breu dated June 14, 1984; Nancy Clark Smith dated June 29, 1984; Karl Davies dated July 2, 1984; and Michelle Clark dated October 2, 1984. Additionally, the Bobele file contained the following reports to Thiros: a report summarizing another interview with David Clark dated May 24, 1984; an-

other report summarizing an interview with David Clark dated June 3, 1984; and a report summarizing another interview with Nancy Smith Clark dated June 30, 1984. Finally, the index provided with the documents indicated that diagrams of the crime scene had been enclosed for the *in camera* examination, but no such documents were enclosed. For purposes of this Order, the diagrams will be considered as summary reports prepared by the Bobeles.

■ The plaintiffs are claiming that the Bobele file is protected by both the attorney-client privilege and the work product privilege. Since these are separate and distinct privileges, each privilege must be examined independently. *Zenith Radio Corporation v. United States*, 764 F.2d 1577, 1580 (Fed.Cir.1985).

In *Federal Trade Commission v. Shaffner*, 626 F.2d 32 (7th Cir.1980), the Court of Appeals stated that a party claiming the attorney-client privilege must demonstrate that

> the communication: (1) concerned the seeking of legal advice; (2) was between a client and an attorney acting in his professional capacity; (3) was related to legal matters; and (4) is at the client's instance permanently protected.

626 F.2d at 37.

*See also United States v. Keplinger*, 776 F.2d 678, 700 (7th Cir.1985); and *Radiant Burners, Inc. v. American Gas Association*, 320 F.2d 314, 319 (7th Cir.1963).

■ Statements made by David to a private investigator employed by his attorney are protected by the attorney-client privilege. *United States v. McPartlin*, 595 F.2d 1321, 1335 (7th Cir.1979). However, statements made by third parties either to the attorney or to his private investigator do not come within the attorney-client privilege. *Rucker v. Wabash Railroad Company*, 418 F.2d 146, 154 (7th Cir.1969). Therefore, David may claim the attorney-client privilege with respect to his interview of May 16, 1984, and the Bobele reports dated May 24, 1984 and June 3, 1984, which were based upon an interview with

David. However, David may not claim the attorney-client privilege for the remaining interviews and reports.

■ The defendants have argued that David has waived the attorney-client privilege by filing this lawsuit. However, the filing of a lawsuit does not waive the attorney-client privilege unless the complaint is based upon the privileged communications and places those communications at issue. *Zenith Radio Corporation*, 764 F.2d at 1580; *Matter of Continental Illinois Securities Litigation*, 732 F.2d 1302, 1315 nt. 20 (7th Cir.1984); *Bar Marine Products Company, Inc. v. Borg-Warner*, 84 F.R.D. 631, 635 (E.D.Pa.1979); *Panter v. Marshall Field & Company*, 80 F.R.D. 718, 721 (N.D.Ill.1978); and *Handgards, Inc. v. Johnson & Johnson*, 413 F.Supp. 926, 929 (N.D.Cal.1976). In the instant case, the privileged communications were not placed in issue by the complaint. David has not challenged the advice given to him by his attorney nor has he attempted to rely upon that advice as the basis of a claim or defense. *See generally Handgards, Inc.*, 413 F.Supp. at 929. Therefore, the attorney-client privilege has not been waived.

■ The plaintiffs also claim that the Bobele file is protected by the work product privilege. It is undisputed that the Bobele file was prepared for Thiros to assist him in preparing his defense for the criminal charges. Since the work product privilege may be claimed in a criminal proceeding, *In Re Special September, 1978 Grand Jury*, 640 F.2d 49, 61 (7th Cir.1980), the Bobele file is protected by the work product privilege. *Rucker*, 418 F.2d at 154.

The defendants have argued that the work product privilege is not available after the termination of the litigation and that only the attorney, and not the client, may claim the work product privilege. Both contentions must be rejected. The work product privilege may be claimed in a related proceeding even if the litigation for which the file was created has been terminated. *Federal Trade Commission v. Grolier Incorporated*, 462 U.S. 19, 26, 103

S.Ct. 2209, 2213, 76 L.Ed.2d 387, 393 (1983); and *Panter v. Marshall Field & Company*, 80 F.R.D. at 724.

The authorities are not unanimous on whether the client, as well as the attorney, may claim the work product privilege. Some courts have held that only the attorney may claim the work product privilege. *Donovan v. Fitzsimmons*, 90 F.R.D. 583, 587 (N.D.Ill.1981); and *Panter*, 80 F.R.D. at 725 nt. 7. However, in *In Re Special September, 1978 Grand Jury, supra*, the Seventh Circuit stated:

> We begin our analysis by noting that the work product doctrine is "distinct from and broader than the attorney-client privilege." (Citations omitted) Although only confidential communications between the attorney and the client are protected by the attorney-client privilege, the work product doctrine may encompass any document prepared in anticipation of litigation by or for the attorney. Further, the attorney-client privilege belongs to the client alone while the work product doctrine may be asserted by either the client or the attorney.
>
> 640 F.2d at 62.

*See also Ohio-Sealy Mattress Manufacturing Co. v. Sealy, Inc.*, 90 F.R.D. 45, 47 (N.D.Ill.1981). Therefore, the plaintiffs may assert the work product privilege.

■ The production of materials protected by the work product privilege is controlled by Federal Rule of Civil Procedure 26(b)(3) which provides:

> Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardhsip to obtain the

substantial equivalent of the materials by other means....

In order to obtain discovery of the privileged information, the defendants must demonstrate an "extraordinary need" for the Bobele file. *In Re Special September, 1978 Grand Jury*, 640 F.2d at 63; and *Ohio-Sealy Mattress Manufacturing Company*, 90 F.R.D. at 47. Since the defendants have been arguing that the documents were not privileged or that any privilege had been waived, they have not attempted to demonstrate the required need for the documents.

One final issue must be addressed with respect to the plaintiffs' claim of privilege. The plaintiffs have listed the Bobeles as prospective witnesses at trial. If the plaintiffs in fact call the Bobeles as witnesses, the attorney-client privilege will be waived. *Brown v. Trigg*, 791 F.2d 598, 601 (7th Cir.1986). However, the plaintiffs will not be permitted to frustrate discovery by claiming a privilege prior to trial and then waiving that privilege at trial. If the plaintiffs do not produce the Bobeles' file for examination within the time period allotted for completing discovery, any testimony by the Bobeles concerning their investigation may be excluded at trial. *See generally Gorby v. Schneider Tank Lines, Inc.*, 741 F.2d 1015, 1019 (7th Cir.1984).

For the foregoing reasons, the Motion for Protective Order is GRANTED, and the Motion to Compel filed April 6, 1987, is DENIED.

### Motion to Compel Answers to Deposition Questions

 On November 6, 1986, the defendants took the depositions of David and Michelle. During the course of the deposition, Michelle refused to answer the following questions based upon her Fifth Amendment privilege:

1. Q And what gives you reason to believe that this individual—why do you think this individual might have done harm to you? For what reason?
(Page 28, Line 19)

2. Q Would you please give me the name of this individual you have reason to believe injured you on March 26, 1986—84?
(Page 31, Line 2)

3. Q Yes. For what reason do you believe he injured you, or she?
(Page 32, Line 11)

4. Q Were you using illegal drugs prior to March 26, 1984?
(Page 56, Line 13)

5. Q Were you involved in the sale of illegal drugs prior to March 26, 1984?
(Page 57, Line 1)

6. Q Do you believe that your injury that occurred to you on March 26, 1984 in any way involved or was related to the sale or use of illegal drugs?
(Page 57, Line 12)

7. Q And what reason do you have to believe that George Such is the one who assaulted you?
(Page 70, Line 5)

8. Q Did you ever have any drug dealings with George Such?
(Page 70, Line 16)

9. Q Did you have any reason to believe prior to March 26, 1984 that George Such would do you bodily harm?
(Page 71, Line 9)

A witness in a civil proceeding is entitled to assert his Fifth Amendment privilege. In *Kastigar v. United States*, 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972), the Supreme Court discussed this privilege and stated:

But the power to compel testimony is not absolute. There are a number of exemptions from the testimonial duty, the most important of which is the fifth amendment privilege against compulsory self-incrimination. The privilege reflects a complex of our fundamental values and aspirations, and marks an important advance in the development of our liberty. It can be asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory; and it protects against any disclosures that the

witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used. This Court has been zealous to safeguard the values that underlie the privilege. (Footnotes omitted)

406 U.S. at 444–45, 92 S.Ct. at 1656. *See generally In Re Corrugated Container Anti-Trust Litigation*, 661 F.2d 1145, 1154 (7th Cir.1981); *In Re Corrugated Container Anti-Trust Litigation*, 655 F.2d 748, 750 (7th Cir.1981); *United States v. Cappetto*, 502 F.2d 1351, 1357 (7th Cir. 1974); *Malinich v. Toyota Motor Company, Ltd.*, 109 F.R.D. 414, 415 (N.D.Ind. 1986).

To come within the protection of the privilege, it is not necessary that the answer, by itself, directly incriminates the witness. In *Maness v. Meyers*, 419 U.S. 449, 95 S.Ct. 584, 42 L.Ed.2d 574 (1975), the Supreme Court stated:

The protection does not merely encompass evidence which may lead to criminal conviction, but includes information which would furnish a link in the chain of evidence that could lead to prosecution, as well as evidence which an individual reasonably believes could be used against him in a criminal prosecution.

419 U.S. at 461, 95 S.Ct. at 592.

*See also Hoffman v. United States*, 341 U.S. 479, 486, 71 S.Ct. 814, 95 L.Ed. 1118 (1951).

Although the Fifth Amendment privilege "protects against real dangers, not remote and speculative possibilities," *Zicarelli v. New Jersey State Commission of Investigation*, 406 U.S. 472, 478, 92 S.Ct. 1670, 1675, 32 L.Ed.2d 234 (1972), a witness may claim the privilege as long as criminal prosecution remains a "possibility." *In Re Corrugated Container*, 661 F.2d at 1150. In the case of *In Re Folding Carton Anti-Trust Litigation*, 609 F.2d 867 (7th Cir. 1979), the Court of Appeals stated:

In compelling [the witness'] testimony the district court charted its course ... because it perceived a need for courts to forestall the ability of a previously convicted civil deponent to limit the conduct

of discovery. However real that need, and however much we appreciate the legitimate practical concerns of the trial court, we cannot agree that a witness' constitutional privilege against self-incrimination depends upon a judge's perception of the likelihood of prosecution. Rather, we conclude that it is only when there is but a fanciful possibility of prosecution that a claim of fifth amendment privilege is not well taken. (Citations omitted) When a witness can demonstrate any possibility of prosecution which is more than fanciful he has demonstrated a reasonable fear of prosecution sufficient to meet constitutional muster.

609 F.2d at 871.

██ One of the factors which must be considered in determining whether a witness has a reasonable fear of prosecution is whether the statute of limitations has expired. *In Re Folding Carton*, 609 F.2d at 871; and *Malinich*, 109 F.R.D. at 416. Under Indiana law, dealing in a controlled substance is a felony. *See generally* I.C. 35–48–4–1 *et seq.* The statute of limitations for the various drug offenses is five years. I.C. 35–41–4–2(a)(1). Since the incidents ·in question occurred on March 26, 1984, they are well within the five-year statute of limitations.

██ Michelle has failed to demonstrate how she would be incriminated by her answers to Questions 1, 2, 3, 7, and 9. However, Michelle has demonstrated that there is a realistic possibility that her answers to Questions 4, 5, 6, and 8 may furnish a link in the chain of prosecution. Therefore, she may claim her Fifth Amendment privilege as to those questions.

The defendants have argued that David testified at length in his deposition concerning drug transactions with George Such and that David's testimony should preclude Michelle from claiming her Fifth Amendment privilege. The defendants have failed to cite any case authority in support of the novel proposition that one party's willingness to discuss a criminal transaction pre-

cludes another party to the transaction from claiming her own Fifth Amendment privilege. This Court's independent research has not disclosed any such case authority either. Since the Fifth Amendment privilege is available to every individual, Michelle may claim her privilege even if David has chosen to waive his privilege.

■ Although Michelle may be entitled to claim her Fifth Amendment privilege both during pretrial discovery and during the trial, there is no requirement that her claim of privilege must be shielded from the jury. If Michelle claims her Fifth Amendment privilege at trial, the jury is entitled to draw an adverse inference from her claim of privilege. *National Acceptance Company of America v. Bathalter,* 705 F.2d 924, 929–30 (7th Cir.1983).

■ In his deposition, David refused to answer the following question:

Q And did you tell your wife just to let him [George Such] have whatever he wanted?

(Page 12, Line 6)

David refused to answer that question based upon the marital communications privilege.

The defendants have argued that at the time David made the alleged statement to Michelle, it was his intent that the statement be relayed by Michelle to George Such and that since David did not intend for the statement to remain confidential, the statement is not privileged. There is no factual basis for the defendants' claim. The question put to David was not phrased in terms of what he instructed Michelle to tell George Such. There has been no showing that Michelle intended to do anything other than to act on the instructions she got from David without conveying any message to George Such. Therefore, the question sought information protected by the marital privilege.

For the foregoing reasons, the Motion to Compel filed on December 8, 1986, is GRANTED with respect to deposition questions 1, 2, 3, 7, and 9 and DENIED in all other respects.

■

*Motion to Amend*

■ On January 27, 1987, the plaintiffs requested leave of court to file an amended complaint. To date, the defendants have not objected to the proposed amendment. Federal Rule of Civil Procedure 15(a) requires that "leave shall be freely given when justice so requires." Therefore, the Motion to Amend the Complaint is GRANTED. The plaintiffs are ORDERED to file an amended complaint within ten (10) days.

**ORDER**

In summary, the Motion to Strike filed February 5, 1987, is DENIED, the Motion for Protective Order filed March 18, 1987, is GRANTED, the Motion to Compel filed April 6, 1987, is DENIED, the Motion to Compel filed December 8, 1986, is GRANTED IN PART with respect to deposition questions 1, 2, 3, 7, and 9, and the Motion to Amend filed January 27, 1987, is GRANTED.