## CREEDON v. HOWLE.
### Civ. No. 24826.

District Court, N. D. Ohio, E. D.

March 3, 1948.

Paul Marshall, of Cleveland, Ohio, for plaintiff.

H. I. Emerson, of Cleveland, Ohio, for defendant.

JONES, District Judge.

This is an action for treble damages for violation of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A. Appendix, § 901 et seq.

Defendant filed an answer to the complaint and later plaintiff served a request for admissions on defendant to which defendant did not respond. Plaintiff then filed a motion for summary judgment whereupon it was found that there were certain inconsistencies in the request for admissions.

On January 2, 1948, the plaintiff filed an amended request for admissions and again defendant made no response. A second motion for summary judgment was filed on February 5, 1948.

From the affidavits and correspondence contained in the file, it appears that defendant had retained Mr. H. I. Emerson as her attorney in this case but that after filing the answer Mr. Emerson became ill and turned all of his work over to another attorney, Mr. Fleck. The defendant re-

fused to retain Mr. Fleck and so copies of the amended request for admissions and the second motion for summary judgment were sent by registered mail to the defendant. Mr. R. J. Folise, attorney for plaintiff, states that both the amended request for admissions and the second motion for summary judgment were returned to him with the notation "Refused" on the envelope.

 Plaintiff, having complied with Federal Rules of Civil Procedure, rule 5, 28 U.S.C.A. following section 723c with respect to service of pleadings and defendant having failed to respond to the amended request for admissions, the matters contained in said request are deemed admitted pursuant to the provisions of Rule 36.

From the admissions it appears that defendant was the landlord of four housing units located at 9108 Hough Avenue, Cleveland, Ohio, at all times material to this action; that said housing units were rented in the following manner:

1st floor front: Rented to tenant Sulick from August 1, 1946 to February 5, 1947 at $11.00 per week, whereas the maximum rent for the unit was $10.00 per week. Total overcharge: $27.00;

1st floor rear: Rented to tenant Zawistowski from August 1, 1946 to February 5, 1947 at $18.00 per week, whereas the maximum rent for the unit was $12.50 per week. Total overcharge: $148.50;

2nd floor front: Rented to tenants Corey, Duggen and Metler from March 26, 1946 to February 5, 1947 at $15.00 per week, whereas the maximum rent for that unit was $9.00 per week. Total overcharge: $270.00 (this was the total given on the recapitulation sheet, however $6.00 x 48 equals $288, not $270.00).

3rd floor: Rented to tenant Barton from August 1, 1946 to February 5, 1947 at $14.00 per week, whereas the maximum rent for the unit was $12.50 per week. Total overcharge: $40.50.

Copies of the registration statements filed by defendant for the above units are attached to the amended request for admissions. These statements set forth the maximum rents for each of the four suites showing that defendant had notice as to how much she could charge. The maximum rent for the second floor front unit was reduced by order of the Rent Director from $11.00 to $9.00 on March 4, 1946, a copy of said order having been mailed to defendant.

This action was begun on March 26, 1947 and all of the violations occurred within one year prior thereto.

The evidence is clear that defendant overcharged her tenants by a total sum of $486.00. Defendant's conduct in ignoring the established maximum rents amounts to a wilful disregard for the law. Defendant has failed to offer any evidence to the effect that her violations were neither wilful nor the result of a failure to take practicable precautions to avoid violation.

The plaintiff's motion for summary judgment will be granted and treble damages will be assessed in the amount of $1,458.00.