418 A.2d 720

INNOVATE, INC., a Pennsylvania Corporation, Appellant,

v.

UNITED PARCEL SERVICE, INC., a New York Corporation, and the Stanley Works, a Connecticut Corporation.

Superior Court of Pennsylvania.

Argued Nov. 12, 1979.

Filed Feb. 27, 1980.

John R. Banke, Pittsburgh, for appellant.

Richard W. Gladstone, II, Pittsburgh, for The Stanley Works, appellee.

John C. Unkovic, Pittsburgh, for United Parcel Service, appellee.

Before PRICE, CAVANAUGH and WATKINS, JJ.

CAVANAUGH, Judge:

On August 27, 1975, appellant commenced an Action in Trespass against United Parcel Service, Inc. and The Stanley Works.[1] The Complaint alleged that appellant delivered

1. Both United Parcel Service, Inc. and The Stanley Works were defendants in the court below. Summary Judgment was entered by

to Stanley "a copy of various patterns and tools inventive in nature" and that Stanley "never returned said patterns and tools." Appellant sought damages in excess of $10,000.

In its answer, Stanley Works stated "it is averred that The Stanley Works received said patterns and tools upon the condition expressly agreed to by the plaintiff corporation that The Stanley Works not be responsible for the safe arrival, handling, or return of said patterns and tools." It is undisputed that the patterns and tools were not returned to appellant. The pivotal question is whether Stanley Works' responsibility in shipping the tools and patterns back to appellant was limited to $250, the amount of the insurance to be placed on the goods.

On November 23, 1976, depositions were taken by counsel for Stanley Works of two representatives of appellant, Herman A. Myers and John P. Ross. The following is excerpted from Mr. Ross' deposition:

Q. Is it possible that in this telephone conversation the representatives of Stanley Works advised you that the maximum insurance allowable is $250.00?

A. He told me they would be insured.

Q. Mr. Ross, is it possible that in this conversation you had with the Stanley Works representative that the Stanley Works representative advised you that the maximum insurance allowable is $250.00?

A. No.

Q. Why do you say that?

A. Because I didn't get any specific figures. I don't remember any specific figures. I remember his stating that they would insure it. (Ross deposition, Page 99.)

the court below in favor of defendant, United Parcel Service, Inc. on June 12, 1978 and the Complaint was dismissed with prejudice as to United Parcel Service, Inc. Appellant did not appeal from the judgment in favor of United Parcel Service, Inc.

A. In the telephone conversation, he asked me where to ship the tools. I told him. That is all I remember, and the fact that it was going to be insured. (Ross deposition, Page 101.)

. . . . .

Q. Are you testifying today that you can specifically state that in a conversation that occurred more than four years ago, that the maximum insurance allowable at $250.00 was not mentioned in that conversation?

A. Absolutely. And, furthermore, that is the reason why I never answered your question on any other sentence, you asked me hypothetically if I said that, because I don't remember what happened.

But I know the substance and when they are expensive tools and the insurance was only going to be $250.00, I certainly wouldn't go along with that. (Ross deposition, Page 102.)

. . . . .

Q. Do you specifically recall today ever advising any representative of Stanley Works that Innovate wanted to have the tools insured for more than $250.00?

A. No, I did not. I did not dictate to them any terms regarding the shipments except what I had said before.

Q. Are you aware of any representative of Innovate requesting any representative of Stanley Works to obtain insurance for the return shipment of the tools left with the Stanley Works for an amount greater than $250.00?

A. No, I am not aware except for the fact I am aware of an understanding that existed that the tools were to be insured. (Ross deposition, Page 103.)

On or about April 9, 1977, counsel for Stanley Works served "Requests for Admissions by Plaintiff" under Pa.R. C.P. 4014 "to admit or deny under oath for purposes of the above—entitled action only each of the below facts within

ten (10) days after service hereof." Stanley Works' requests for admissions consisted of five stated facts and were two pages in length. Paragraph 5 of the Request for Admissions was as follows:

    5. With regard to the prototypes or models referred to in plaintiff's Complaint, Mr. John Ross as an officer of plaintiff expressly agreed to defendant's return of said prototypes to plaintiff via United Parcel Service with insurance coverage in a maximum amount of Two Hundred and Fifty Dollars ($250.00) or less.

Counsel for the appellant on four occasions requested an extension of time to file an Answer to the Request for Admissions and four extensions were granted by the attorney for Stanley Works. On November 11, 1977, counsel for appellant wrote to Stanley Works' counsel as follows: "(I) would like to thank you for your gracious extension of time to file Answers to Interrogatories and request for admissions in regard to the above captioned matter, till December 12, 1977." Notwithstanding this, defendant's Request for Admissions remained unanswered in their entirety on December 12, 1977.

On March 3, 1978, counsel for Stanley Works wrote to appellant's counsel as follows: "Having received no response to The Stanley Works' Request for Admissions to Plaintiff for nearly a year and the deadline to my fourth and last extension having lapsed nearly three months ago, I must advise that The Stanley Works now considers its aforementioned Request for Admissions admitted by plaintiff by operation of subsection 'b' of Rule 4014 of the Pennsylvania Rules of Civil Procedure."

On or about March 8, 1978, the attorney for the appellant filed a response to Stanley Works' Request for Admissions.

On May 10, 1978, Stanley Works filed a Motion for Summary Judgment. The basis of the motion was that the maximum liability of Stanley Works to appellant was in the amount of $250.00 as established by the facts set forth in Stanley Works' Request for Admissions of facts, especially request Number 5. The Motion for Summary Judgment

alleged that there was "no genuine issue as to any material fact relating to liability of Stanley for any amount in excess of $250.00 on the claims made in Innovate's Complaint. Accordingly, judgment setting forth Stanley's liability to plaintiff in the maximum amount of $250.00 is hereby requested."

The motion was to be orally argued on June 12, 1978. Counsel for appellant did not appear for argument and on June 12, 1978, the court below granted appellee's Motion for Summary Judgment and determined Stanley Works' liability to the appellant to be in the amount of $250.00. A motion for summary judgment was also granted in favor of defendant, United Parcel Service, Inc. Appellant filed Motions to Reconsider the grant of summary judgment in favor of United Parcel Service, Inc. and Stanley Works and after argument, the motions were denied. Appellant then filed an appeal to this court from the order granting summary judgment in favor of Stanley Works.

The first issue for our determination is whether an unanswered Request for Admissions filed under Pa.R.C.P. 4014 constitutes an admission where depositions contain answers contrary to the facts set forth in the Request for Admissions. Our inquiry begins with Pa.R.C.P. 4014 as it existed at the time the Request for Admissions was filed. The Rule provided in part:

"(a) A party may serve upon an adverse party a written request for the admission by him, for the purpose of the pending action only, of the truth of any relevant matters of facts set forth in the request  .  .  .

(b) A matter of which an admission is requested is admitted unless the adverse party within ten (10) days after service of the request served upon the requesting party

(1) a sworn denial or explanation why [she] cannot admit or deny the matter; or

(2) objections to the relevance or competence of the matter or the scope of the request."

We know that appellant did not timely answer Stanley Works' Request for Admissions of facts. The request was not answered until after the fourth extension of time had lapsed and after counsel for Stanley Works advised the appellant in writing that it considered the Request for Admissions of facts as containing admitted facts. Appellant contends that Pa.R.C.P. 4014 is not applicable in this case because on depositions which were taken prior to the filing of Request for Admissions its representative stated that he did not agree to do a maximum insurance coverage of $250.00. We have quoted at length from Mr. Ross' deposition which indicates that he did not remember some things pertaining to limitation of insurance liability and although he seemed certain of some facts in part of the deposition, he was less certain in other parts.

Appellant contends that it was improper for Stanley Works to file a Request for Admissions of fact under Pa.R.C.P. 4014 pertaining to the limitations of liability since the matter had previously been covered in depositions. Appellant argues:

> "Innovate [Appellant], therefore, must be deemed excused from the requirement of responding to such an improper request for an admission." (Appellant's Brief, Page 9.)

Appellant's cites no authority in support of its contention, and we can find none. If appellant believed that the Request for Admissions was not proper, Pa.R.C.P. 4014 itself provided a remedy. Appellant could have served upon Stanley Works "objections to the relevance or competence of the matter or the scope of the request": Pa.R.C.P. 4014(b)(2).

Instead, appellant chose not to answer the Request for Admissions within the framework of the long period of time that it was given to answer. When a party is served with a request for admissions: "[h]e may ignore the request, in which case he will be held to have admitted the matters requested unqualifiedly . . ." (*Goodrich–Amram*, Standard Pennsylvania Practice, Section 4014(b)(2), Vol. 4, Page 269.)

We also note that in 1978, Pa.R.C.P. 4014 was amended, and although the amendment is not applicable to this case, it is significant in showing the legal consequences attached to the failure to answer a request for admissions of fact. The amended rule provides in subsection (d) that: "[a]ny matter admitted under this rule is *conclusively* established unless the court on motion permits withdrawal or amendment of the admission." (emphasis added)

█ Although depositions are taken prior to the filing of a request for admissions of fact, which depositions are at variance with the facts set forth in the request for admissions, this does not obviate the necessity of complying with Pa.R.C.P. 4014. A party on whom requests for admissions of fact are served runs the risk that the facts as set forth in the request for admissions will be conclusively binding on him if he chooses not to file an answer to the request for admissions or file objections to the request. This is not a harsh rule as a witness's testimony may vary from that given at the time of deposition and that given at trial. A witness's recollection may change or a forgotten fact may be recalled.

Appellant also contends that summary judgment could not be granted solely upon the facts admitted in the request for admissions of fact where the admission was expressly contradicted by testimony given on deposition and where no prejudice was shown by the party requesting judgment. We have already decided that an unanswered request for admissions is binding upon the party failing to file an answer notwithstanding depositions which contain testimony to the contrary. With respect to the entry of a summary judgment based on admissions in a request for admissions, we note that Pa.R.C.P. 4014 follows federal practice. In *Creedon v. Howle*, 8 F.R.D. 92, D.C., N.D. (1948), the plaintiff filed a request for admissions which defendant failed to answer. The court held that the matters contained in the request were admitted and were properly the basis for entry of summary judgment in favor of the plaintiff. *See also Commonwealth v. Diamond Shamrock Chemical Company*, 38 Pa.Cmwlth. 89, 391 A.2d 1333, 1337 (1978), where the

Court held that the defendant properly relied on unanswered requests for admissions of fact filed under Pa.R.C.P. 4014 as a basis for a motion for summary judgment. *See also Misco International Chemicals, Inc. v. Prilletti*, 24 Lawrence L.J. 494 (1975).

■ Summary judgment was properly entered in favor of Stanley Works. Appellee alleged in its motion for summary judgments that there was no genuine issue as to any material fact relating to Stanley's liability for any amount in excess of $250.00. Based on Stanley Works' request for admissions, the appellant agreed that the patterns and tools in question were to be returned to it by United Parcel Service, Inc. and that the insurance coverage was to be $250.00 or less. Appellant is correct in its contention that a party moving for summary judgment must show that there exists in the case no genuine issue of fact viewing the record in the light most favorable to the non-moving party. *Ritmanich v. Jonnel Enterprises, Inc.*, 219 Pa.Super. 198, 203, 280 A.2d 570, 576 (1971). We are convinced in this case that there is no disputed issue of facts as a result of appellant failure to answer the request for admissions.

■ Appellant contends that the court below should have considered whether it had any compelling reasons for its failure to answer Stanley Works' request for admissions. The record does not disclose that appellant offered any reasons why it did not timely file an answer to the request for admissions. Appellant also contends that Stanley Works did not show that it suffered any prejudice from appellant's failure to comply with Pa.R.C.P. 4014. The burden of establishing lack of prejudice to the person filing the request for admissions would fall on the party who failed to answer the request for admissions or object to the request, and in this case, appellant presented no evidence to the court below that Stanley Works would not be prejudiced by its failure to answer the request for admissions. On the contrary, it is obvious that Stanley Works would be prejudiced if the summary judgment in its favor was not entered as it would

then have the burden of proceeding to trial and defending the action.

Order affirmed.