## Kufera v. Murphy

*Dale E. Anstine,* for plaintiff,
*Robert A. Lerman,* for defendant.

RAUHAUSER, *J.,* December 18, 1986 — This matter is before the court on defendant's motion in limine and plaintiffs' opposing motion to allow amendment of its answers to admissions.

This is a personal injury action arising out of an auto accident. Defendant filed a request for admissions on May 1, 1986, with an affidavit of service that the same was mailed to plaintiffs' attorney on that date. Several of the requested admissions would seriously damage plaintiffs' case if they stand as admitted.

Through admittedly inadvertent error, plaintiffs' attorney did not answer the request until September 15, 1986. On September 16, 1986, defendant moved this court, in limine, to strike plaintiffs' answers as untimely. On October 3, 1986, plaintiffs obtained a rule to show cause why its answers should not be allowed to stand as amendments.

The Pennsylvania Rules of Civil Procedure provide that requests for admissions are admitted unless objected to or answered within 30 days of the date of service thereof. Pa.R.C.P. 4014(b) (1978). The court may permit the withdrawal or amendment of such an admission "when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will

prejudice him in maintaining his action or defense on the merits." Pa.R.C.P. 4014(d) (1978).

The rule clearly places a burden of establishing prejudice on the party who obtained the admission. In *Innovate Inc. v.United Parcel Service Inc.,* 275 Pa. Super. 276, 418 A.2d 720 (1980), relied upon by defendant here, the court held that the party failing to answer a request for admissions bears the burden of establishing a lack of prejudice. Such a holding applied to this case would be contrary to the plain language of the rule.

*Innovate,* supra, is distinguishable from the instant case. In that case, defendant's request for admissions went unanswered for nearly a year when defendant obtained summary judgment. Plaintiff did not attempt to amend, as here, but challenged the summary judgment. The court saw obvious prejudice to defendant in that it would lose its judgment. In the instant case it is not apparent, not even argued, that defendant's substantive case would be prejudiced by allowing "amendment" by plaintiffs' late answers. The instant case has not yet been listed for trial, so there is no prejudice to defendant's trial preparation.

It has also been held that the decision to allow amendment is within the discretion of the court. *Schnovel v. Prudential Insurance Company of America,* 32 Ches. Co. L.R. 346 (1984).

Given the plain language of the rule, the court's discretion in the matter, and the obvious prejudice which would arise from a contrary decision, plaintiffs' amendment will be allowed.

## ORDER

And now, this December 18, 1986, plaintiffs' motion to allow amendment of its answers is hereby granted. Defendant's motion in limine is hereby denied.