## Gross v. Hoyt

*Charles E. Evans,* for plaintiffs.
*James R. Miller,* for defendant Bernard S. Hoyt, D.O.
*Paul K. Vey,* for defendant United Community Hospital.

FORNELLI, *J.,* April 5, 1988 — This case comes before us on a motion for summary judgment filed on behalf of defendant United Community Hospital. Plaintiffs filed this action alleging improper medical treatment plaintiff-wife received from defendant Dr. Hoyt while a patient at defendant hospital, that resulted in limited use of her left hand. The complaint alleges medical malpractice and a failure to obtain informed consent by the doctor and the hospital, both directly and as acting through its agents.

On July 31, 1987, defendant hospital served plaintiffs with a request for admissions. When they failed to receive any response within the 30 days provided in Pa.R.C.P. 4014, defendant hospital filed this motion for summary judgment.

On October 28, 1987, the day scheduled for oral argument on the motion for summary judgment, plaintiffs filed answers to the request for admis-

sions. On December 11, 1987, this court after hearing made absolute a rule upon plaintiffs and granted defendant hospital's motion to strike the answers to request for admissions. Subsequently, defendant hospital renewed its motion for summary judgment, which is now before us.

A motion for summary judgment may be granted only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. In passing upon a motion for summary judgment, a court must examine the record in the light most favorable to the non-moving party and resolve all doubt against the moving party. *Mariscotti v. Tinari,* 335 Pa. Super. 599, 485 A.2d 56 (1984); *Johnson v. Baker,* 346 Pa. Super. 193, 499 A.2d 372 (1984).

It is well-settled that unanswered requests for admissions provide admitted facts for a motion for summary judgment. Pa.R.C.P. 1035; *Civic Center Investors Corp. v. Republic Insurance Co.,* 59 D. & C. 2d 105 (1971); see also, *Innovate Inc. v. United Parcel Service Inc.,* 275 Pa. Super. 276, 418 A.2d 720 (1980).

In their complaint, plaintiffs allege 15 instances of professional malpractice or negligence against each of the defendants. Defendant hospital contends that the facts admitted by plaintiffs through their failure to timely answer its request for admissions establish that there exists no evidence upon which plaintiffs can establish their claims against defendant hospital. We do not agree.

Although some of plaintiffs' claims against defendant hospital are negated by the admitted facts, others are not. Defendant hospital is, therefore, only entitled to a partial summary judgment.

We find that the following are no longer in controversy and that the admitted facts do not

support a basis for recovery. Therefore, no evidence shall be permitted concerning:

(1) All questions of the negligence or malpractice of the nursing and/or technical personnel of defendant hospital.

(2) All claims against defendant hospital for actual negligence or malpractice by it.

(3) All claims alleging acts of negligence or malpractice by the defendant hospital or by and through its nursing and/or technical personnel.

We find that there remain material issues of fact concerning the following issues:

(1) Whether the defendant doctor was an ostensible agent of defendant hospital.

(2) Whether defendant doctor was an agent, servant or employee of defendant hospital.

(3) The vicarious or imputed liability of defendant hospital based upon their relationship with defendant doctor as determined by (1) or (2) above.

Defendant hospital is also entitled to a grant of summary judgment as to plaintiff's allegations that it breached a duty to obtain from plaintiff wife her informed consent prior to treatment. Plaintiffs have failed to direct us to, and our research has failed to uncover, any cases placing such a duty upon a hospital.

Two cases which do hold that there is no duty upon a hospital, or any other non-physician, to obtain a patient's informed consent are *Margotta v. Lancaster General Hospital,* 70 Lancaster L. Rev. 493 (1987) and *Hurley v. Won,* 9 D. & C.3d 796 (1979).

It is well-settled that it is the physician's duty to obtain an informed consent from his patient prior to treatment. See *Gray v. Grunnagle,* 423 Pa. 144, 223 A.2d 663 (1966); *Smith v. Yohe,* 412 Pa. 94, 194 A.2d 167 (1963); *Festa v. Greenberg,* 354 Pa. Super.

346, 511 A.2d 1371 (1986), alloc. den. 527 A.2d 541; *Boyer v. Smith,* 345 Pa. Super. 66, 497 A.2d 646 (1985); *Cooper v. Roberts,* 220 Pa. Super. 260, 286 A.2d 647 (1971). We, therefore, grant defendant hospital's motion for summary judgment as to all claims of alleged failure to obtain plaintiff-wife's informed consent.

Hence, this

## ORDER

And now, April 5, 1988, defendant United Community Hospital's motion for summary judgment is granted against plaintiffs to all of their claims of the hospital's direct negligence and the negligence of its nursing and/or technical personnel; as well as the claim of the hospital's failure to obtain plaintiff-wife's informed consent. Plaintiffs' motion for summary judgment is denied as to all claims of the hospital's liability based upon defendant Dr. Hoyt being an ostensible or actual agent, servant or employee of United Community Hospital.