## Jackson v. The Travelers Insurance Company

*Todd Berkey,* for plaintiff.
*William J. Begley,* for defendant.
*Jay M. Apfelbaum,* for additional defendant.

WETTICK, *A.J.*, July 25, 1988 — Plaintiff was injured in an automobile accident while driving a 1980 Plymouth. She sued Travelers Insurance Company for loss of earning and medical expense benefits payable under the Pennsylvania No-fault Insurance Act. Travelers was named as defendant because it is the designated servicing carrier under the Pennsylvania Assigned Claims Plan. Travelers filed a complaint joining Temple Insurance Company as an additional defendant. The basis for the joinder was that plaintiff was a named insured under a policy of insurance issued to plaintiff and her husband at the time of the accident and that as a result of this insurance coverage, Temple was obligated to pay any basic loss benefits to which plaintiff was entitled under the Pennsylvania No-fault Motor Vehicle Insurance Act.

On October 28, 1987, Temple filed requests for admission in which it requested plaintiff and Travelers to admit that the 1980 Plymouth which plaintiff was driving at the time of the accident had been deleted from the policy which Temple had issued prior to the accident and that this policy provided that its coverage did not apply to any bodily injury to a named insured or relative resulting from the use of a vehicle owned by the insured which was not covered by the policy. On November 30, 1987, Travelers filed answers to Temple's requests for admission which admitted each request. On December 8, 1987, Temple filed a motion for summary judgment which was based on the allegations set forth in its requests for admission. On December 10, 1987, plaintiff filed an answer to the requests for admission which contested Travelers' legal right to delete the 1980 Plymouth from the insurance policy. On December 15, 1987, Temple filed a motion to strike plaintiff's answer to the requests for admission on

the ground that the answer was filed without court permission in excess of thirty days following service of the requests for admission. On January 15, 1988, this court granted the motion to strike without prejudice to plaintiff to file within 10 days a petition to withdraw her admissions. Within 10 days, plaintiff filed a petition to allow her to withdraw her admissions and to file answers to plaintiff's requests for admission. This petition is the subject of this opinion and order of court.

Requests for admission are governed by Pa.R.C.P. 4014. Rule 4014(a) permits a party to serve upon any other party a written request for the admission of the truth of any matters within the scope of discovery. A party's duty to respond and the consequences of a party's failure to do so are governed by Rules 4014(b) and 4014(d) which read, in pertinent part as follows:

"(b) . . . The matter is admitted unless, within thirty days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed. serves upon the party requesting the admission a verified answer or an objection addressed to the matter. . . .

. . .

"(d) Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provisions of Rule 212 governing pre-trial conferences, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits. . . ."

The January 15, 1988 order of court striking plaintiff's answer to Temple's requests for admission has no bearing on this petition to allow plaintiff to withdraw her admissions. The January 15, 1988 order of court was entered because plaintiff had filed an answer to Temple's request for admissions beyond the 30 day period provided for in Rule 4014(b) without obtaining court permission for filing its answer out of time. Rule 4014(b) states that the matters set forth in a request for admission are admitted if a party fails to file an answer within 30 days after service. Once these matters are admitted pursuant to Rule 4014(b), Rule 4014(d) states that such matters are conclusively established unless the court on motion permits withdrawal or amendment of the admission. Thus plaintiff's answer filed beyond 30 days after service was stricken because Rule 4014(d) barred plaintiff from questioning the truth of the matters set forth in Temple's requests for admission without first obtaining court permission to withdraw or amend the admissions. See *Chope v. Amshel,* 133 P.L.J. 362 (1985).

Through this petition to allow her to withdraw admissions and to file an answer, plaintiff seeks the requisite court approval for filing an answer to Temple's requests for admissions beyond 30 days after service. The standards governing a request to file an answer beyond 30 days are set forth in Rule 4014(d) which provides that a "court may permit withdrawal or amendment of admissions when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits."

Prior to the 1978 revision of the Pennsylvania Rules of Civil Procedure governing discovery, the

Pennsylvania Rule of Civil Procedure governing admissions (also Rule 4014) provided that a matter for which an admission is requested is admitted unless within 10 days the party to whom the request is directed serves an answer or an objection upon the requesting party. This rule contained no provision for the withdrawal or amendment of an admission.

In the present case, Temple relies on two appellate court cases that discussed the failure to file a timely answer of objection under this prior rule. In *Commonwealth v. Diamond Shamrock Chemical Company*, 38 Pa. Commw. 89, 391 A.2d 1333 (1978), the Pennsylvania Commonwealth Court held that a court may permit an answer to be filed out of time only on a showing of compelling reasons by the moving party for his failure to file a timely response and the absence of any prejudice to the adverse party. In *Innovate Inc. v. United Parcel Service Inc.*, 275 Pa. Super. 276, 418 A.2d 720 (1980), the Pennsylvania Superior Court appeared to apply the same standards. Furthermore, it found that a party which based a motion for summary judgment upon an admission would be prejudiced by the withdrawal of an admission made by operation of law because "it would then have the burden of proceeding to trial and defending the action." *Id.* at 284-5, 418 A.2d at 724.

Under the standards set forth in the *Commonwealth v. Diamond Shamrock Chemical Company, supra,* and *Innovate Inc. v. United Parcel Service Inc., supra,* it is unlikely that plaintiff would be permitted to file an answer out of time. The reasons set forth in her petition to allow the withdrawal of the admissions — that the file had been misplaced in plaintiff's attorney's office and counsel had difficulty locating plaintiff — do not appear to be compelling reasons for plaintiff's failure to timely re-

spond. Furthermore, under the broad definition of prejudice suggested in *Innovate Inc. v. United Parcel Service Inc., supra,* Temple would be prejudiced by the withdrawal of the admissions because this would prevent the entry of a summary judgment in its favor.

However, the standards utilized in *Commonwealth v. Diamond Shamrock Chemical Company, supra,* and *Innovate Inc. v. United Parcel Service Inc., supra,* for permitting withdrawal of a matter admitted by operation of law for failure to file a timely response are no longer applicable because the current rule of court governing admissions sets forth more liberal standards for permitting withdrawal of an admission. As we previously stated, under Rule 4014(d) a party may be permitted to withdraw an admission "when the presentation of the merits of the action will be subserved thereby" unless the party who obtained the admission establishes that the withdrawal "will prejudice him in maintaining his action or defense on the merits." These standards favor a resolution of an action on the merits. 10 Goodrich-Amram 2d §4014(d):3. Furthermore, according to the language of the rule, the prejudice that would prevent withdrawal is limited to difficulties that a party will have in maintaining an action or defense on the merits.

Under the criteria of Rule 4014(d), we conclude that plaintiff should be permitted to withdraw her admissions. Withdrawal is necessary if plaintiff's claim is to be decided on the merits. Furthermore, withdrawal will not prejudice Temple Insurance in presenting a defense on the merits because Temple Insurance has not been rendered less able to prove the matters covered in its requests for admission as a result of its reliance on the admission in preparation for trial. Finally, this is not a case in which

plaintiff has acted in bad faith—its failure to respond is, at the most, excusable attorney neglect.

The former Rule 4014 was completely revised to conform to Rule 36 of the Federal Rules of Civil Procedure. See explanatory note (1978) to Rule 4014. The language of the current Rule 4014 and Federal Rule 36 is almost identical. This court's construction of Rule 4014 is consistent with the federal case law governing Federal Rule 36.

Federal Rule 36 "emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice." Advisory committee note to 1970 Amendment of Rule 36. "Rule 36(b) permits withdrawal where it promotes a decision on the merits while not prejudicing the party who obtained the admission." *Bergemann v. United States*, 820 F.2d 1117, 1121 (10th Cir., 1987).*

If the subject matter of the admissions is broad and far reaching, a court should permit withdrawal in the absence of bad faith or substantial pejudice. *Teleprompter of Erie Inc. v. City of Erie*, 567 F.Supp. 1277, 1287 (W.D.Pa., 1983); *Szatanek v. McDonnell Douglas Corp.*, 109 F.R.D. 37 (W.D.N.Y., 1985). There is no requirement that the moving party demonstrate excusable neglect. 4A *Moore's Federal Practice* 36.08, 36-71 (2d ed., 1982); *Jones v. Employers Insurance of Wausau*, 96 F.R.D. 227, 230 (N.D. Geo., 1982).

---

* Because the failure to file a timely response is an admission by operation of law, Rule 36's standards for withdrawal or amendment of an admission govern a request to file a late response. *Gutting v. Falstaff Brewing Corp.*, 710 F.2d 1309 (8th Cir., 1983); *Bergemann v. United States, supra.* Also see *Werner v. Dept. of Public Welfare*, 109 Pa.Commw. 134, 530 A.2d 1004, 1008 (1987).

Because Rule 36 emphasizes the importance of the case being resolved on the merits, parties opposing a request to withdraw or amend an admission may establish the requisite prejudice only by showing they have been rendered less able to prove the matters that have been admitted because of their reliance upon the admission. The prejudice contemplated by Rule 36(b) is not that the party who obtained the admission now has to convince the jury of its truth. The only prejudice that serves as a basis for denying a request to withdraw or amend an admission " 'relates to the difficulty a party may face in proving its case' because of the sudden need to obtain evidence required to prove the matter that has been admitted." *Gutting v. Falstaff Brewing Corp., supra,* 710 F.2d at 1314, quoting in part from *Brook Village North Associates v. General Electric Co.,*686 F.2d 66, 70 (1st Cir., 1982); *Smith v. First National Bank of Atlanta,* 837 F.2d 1575, 1578 (11th Cir., 1988). Also see Wright & Miller, *Federal Practice and Procedure:* Civil §2264 (1970); *Clark v. City of Munster,* 115 F.R.D. 609, 612 (N.D. Ind., 1987); *Bergemann v. United States, supra,* 820 F.2d at 1121; and *Teleprompter of Erie Inc. v. City of Erie, supra,* 567 F.Supp. at 1287. Also where the only prejudice involves increased litigation expenses as the result of a party's reliance on an admission, the appropriate remedy is the award of counsel fees and expenses. *Szatanek v. McDonnell Douglas Corp., supra.*

For these reasons we enter the following

## ORDER OF COURT

On this July 25, 1988, it is hereby ordered that plaintiff is granted leave to withdraw her admissions and permission to file verified answers to the admission within 20 days.