J-S96025-16

2017 PA Super 68

| | |
|---|---|
| DISCOVER BANK | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| RONALD J. REPINE | |
| Appellant | No. 833 WDA 2016 |

Appeal from the Order June 6, 2016
In the Court of Common Pleas of Indiana County
Civil Division at No(s): 11128 CD 2015

BEFORE: BENDER, P.J.E., BOWES, J., AND SOLANO, J.

OPINION BY BOWES, J.: **FILED MARCH 15, 2017**

Ronald J. Repine appeals from the order granting Discover Bank's ("Discover") motion for summary judgment. We affirm.

Discover commenced this litigation by filing a complaint on July 13, 2015. The complaint alleged the following. Discover extended a line of credit to Mr. Repine. As of May 31, 2014, Mr. Repine's account was in default, with an outstanding balance of $14,036.42, due to his failure to make payments owed upon demand. Discover also alleged that Mr. Repine had been unjustly enriched for failing to make payments on his line of credit after November 11, 2013, the date of his last processed payment. Discover attached to the complaint a copy of the terms of the credit agreement and a summary of Mr. Repine's account corroborating its claim as to the unpaid balance.

On August 10, 2015, Mr. Repine filed preliminary objections arguing that Discover's complaint violated the rules of civil procedure by failing to include a copy of the account in question and an agreement signed by Mr. Repine. In response, Discover filed an amended complaint averring that Mr. Repine used a credit card issued by Discover to purchase goods and services, and by doing so, accepted the terms and conditions governing the use of the credit card. Further, Discover asserted that Mr. Repine had not challenged any of the charges on his account, and had failed to make payments due and owed, generating the aforementioned unpaid balance. Discover appended to its amended complaint the terms and conditions controlling the account, and over two-hundred pages documenting Mr. Repine's account activity from December 22, 2010, through May 17, 2014. Mr. Repine filed an answer denying the allegations contained in the amended complaint.

Thereafter, Discover served discovery on Mr. Repine, including a request for fact admissions. In that document, Discover requested that Mr. Repine admit: 1) that the monthly statements attached to the complaint were copies of his monthly statements for the period December 22, 2010 through May 17, 2014; 2) that the agreement appended to the complaint was a copy of the card-member agreement; 3) that he received monthly credit card statements; 4) that he made or authorized the purchases reflected in the monthly statements; 5) that he agreed to the terms and

conditions of the card-member agreement; 6) that he made or authorized the payments reflected in the monthly credit card statements; 7) that, as of May 17, 2014, his balance due was $14,036.42; and 8) that he had not disputed any charges within sixty days of the receipt on any monthly statement. Request for Admissions, 9/16/15, at ¶¶ 1-8. Further, Discover requested that Mr. Repine provide a full and complete basis for, or documentation in support of, any denial.

Mr. Repine filed a response with the court, but failed to serve a copy on Discover and did not include a certificate of service. In his response to paragraphs one through seven of the Request for Admissions, Mr. Repine stated, "1-7 Denied." Defendant's Response to Plaintiff's Request for Admissions, 10/5/15, at ¶ 1 [,which is numbered ¶¶ 1-7]. He responded to paragraph eight by claiming, "after reasonable investigation, the Defendant is without sufficient knowledge or information to admit or deny the truthfulness of this request." *Id*. at ¶ 2 [,which is numbered ¶ 8].

On March 16, 2016, Discover filed a motion for summary judgment contending that Mr. Repine failed to respond to its motion for fact admissions, and therefore, those statements should be deemed admissions. As such, it concluded that no genuine issue of material fact remained, and summary judgment should be granted in its favor. Mr. Repine answered Discover's motion by noting that he had filed a response with the court on October 5, 2015. Discover then filed a motion to strike that response for

failing to comply with Pa.R.C.P. 4014, which controls requests for fact admissions. After a hearing, the court granted Discover's motion to strike and its motion for summary judgment, and entered judgment in favor of Discover in the amount of $14,208.42. Mr. Repine filed a timely notice of appeal. The court did not direct Mr. Repine to file a Rule 1925(b) statement of matters complained of on appeal, but adopted its June 6, 2016 order as its Rule 1925(a) opinion. This matter is now ready for our review.

Mr. Repine raises two issues for our consideration:

1. Did the Trial Court commit an error of law and abuse its discretion when it determined that [Mr. Repine's] denials of requests for admissions were insufficient, and then failed to allow [Mr. Repine] an opportunity to amend his responses?

2. Did the Trial Court commit an error of law and abuse its discretion when it determined that [Mr. Repine's] denials for requests for admissions were insufficient?

Appellant's brief at 4.

We review an order relating to discovery for an abuse of discretion. ***Kuwait & Gulf Link Transport C. v. Doe***, 92 A.3d 41, 44 (Pa.Super. 2014). Where the court's decision implicates a question of law, our scope of review is plenary, and our standard of review is *de novo*. ***Id***. at 44-45. As this matter involves the trial court's application of Pa.R.C.P 4014, we set forth that rule's salient provisions at the outset:

(a) A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rules 4003.1 through 4003.5 inclusive set forth in the request

> that relate to statements or opinions of fact or the application of law to fact . . ..
>
> (b) Each matter of which an admission is requested shall be separately set forth . . . The answer shall admit or deny the matter or set forth in detail the reasons why the answering party cannot truthfully do so.  A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify the answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder.  An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the answering party states that he or she has made reasonable inquiry and that the information known or readily obtainable by him or her is insufficient to enable him or her to admit or deny.
>
> (c) . . . If the court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served.
>
> (d) Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission.

Pa.R.C.P. 4014.

Mr. Repine first contends that the trial court abused its discretion in failing to permit him to amend his responses to Discover's request for admissions.  The trial court found, as discussed further *infra*, that Mr. Repine's responses to Discover's request for admissions were insufficient.  It noted that, under Pa.R.C.P. 4014(c), upon determining an answer does not comply with the requirements of Rule 4014, a court "**may** order either that the matter is admitted or that an amended answer be served."  Pa.R.C.P.

- 5 -

4014(c) (emphasis added); Trial Court Opinion, 6/6/16, at 6. The court determined that Mr. Repine had failed to make a "reasonable inquiry" or exercise good faith in producing his responses, and therefore, deemed his general denials as admissions. Trial Court Opinion, 6/6/16, at 6. For reasons set forth more fully below, we discern no error in the court's decision to consider Mr. Repine's general denials as admissions. More importantly, our review of the certified record establishes that Mr. Repine never sought permission to amend his responses as required by Pa.R.C.P. 4014(d) ("Any matter admitted under this rule is conclusively established unless the court **on motion** permits withdrawal or amendment of the admission") (emphasis added). Hence, this position is waived. Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Next, Mr. Repine assails the trial court's ruling that his responses to Discover's request for admissions were insufficient. We review this decision for an abuse of discretion, except where it involves a question of law, in which case, our standard of review is plenary. ***Kuwait***, ***supra***. In this regard, Mr. Repine asserts that Rule 4014(b) only requires a party to "admit or deny" the requested admission. Appellant's brief at 13. He states that further specificity is only required where a party objects to the request, or cannot admit or deny it. Moreover, Mr. Repine contends that there is no case law supporting the trial court's determination that his general denials

were insufficient based on his purported lack of good faith. He alleges that there is no evidence to support this conclusion, and insofar as the trial court relies on the 200 page-long summary of his account, the court could not find he acted in bad faith "if [he] did not receive the documents, or if he genuinely does not remember receiving the documents[.]" Appellant's brief at 15. As such, he concludes that his responses were sufficient, and the trial court erred in finding otherwise.

As noted above, the trial court determined that Mr. Repine failed to make a "reasonable inquiry" into the information at his disposal or exercise good faith in formulating his responses to Discover's request for admissions, as required by Pa.R.C.P. 4014(b). The court observed that, in light of the numerous articles documenting Mr. Repine's account, he had "more than sufficient information to form specific denials or admissions, in regard to the alleged debt." Trial Court Opinion, 6/6/16, at 6. Further, it reviewed the explanatory comment to Rule 4014(b), and reasoned that the rule requires denials to be in good faith. Based on Mr. Repine's failure to provide specific denials or admissions, despite the abundance of information available to him, the court found he failed to employ a good faith effort in responding to Discover's request, and thus, deemed his general denials as admissions.

We commence our analysis by revisiting the explanatory comment to Rule 4104(b). That comment states:

(4) The form of the denial will not be governed by Pleading Rule 1029(b). Subdivision (b) provides that a denial shall fairly meet the substance of the requested admission and when good faith requires that a party qualify his answer or deny only a party of the matter of which an admission is requested, he shall specify so much of it as is true and qualify or deny the remainder. Thus, a good faith general denial which would be insufficient under Rule 1029(b) might be sufficient here.

Pa.R.C.P. 4014, comment (4). Pleading Rule 1029(b) reads, "Averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication. A general denial or a demand for proof, except as provided by subdivisions (c) and (e) of this rule, shall have the effect of an admission." Pa.R.C.P. 1029(b).

Although the text of Rule 4014(b) appears to require an analysis of a party's good faith only where the party must qualify his answer, the explanatory comment indicates such an analysis is appropriate when determining whether a general denial is sufficient. Under Rule 1029(b), a general denial, whether in good faith or not, has the effect of an admission. However, the comment to Rule 4014 clarifies that a "**good faith** general denial . . . might be sufficient here." Pa.R.C.P. 4014, comment (4) (emphasis added). The obvious corollary to this line of reasoning is that, under Rule 4014, a **bad faith** general denial is insufficient. Thus, when faced with a general denial under Rule 4014, a trial court must consider whether it is in good faith before finding the answer to be sufficient.

Here, Discover served Mr. Repine a request for admissions with copies of the monthly statements for an account associated with Mr. Repine from December 2010 through May 2014 and a card-member agreement appended thereto. Discover requested responses concerning the validity and accuracy of those statements, as well as whether he had received them. It asked Mr. Repine to review the purchases and payments reflected therein, and indicate whether those purchases and payments accorded with his recollection of his account history. Discover also asked whether Mr. Repine had contested any credit card charges, whether the outstanding balance was correct, and whether he received and agreed to the card-member agreement. Finally, Discover invited Mr. Repine to provide the basis or supporting documentation for any denial.

The information necessary to review and contest Discover's requested admissions was contained within the documents attached to its amended complaint and its request for admissions. Further, Mr. Repine could have relied on his memory of his recent credit history to supply some of the information requested. Nevertheless, Mr. Repine did not set forth any justification for his denials. We find that Mr. Repine's general denials did not "fairly meet the substance of the requested admission," as required by Rule 4014(b). In addition, we find that Mr. Repine failed to embark upon a "reasonable inquiry" into the information readily available to him. As such, his general denials displayed bad faith. As the trial court was within its

authority to deem these general denials as admissions, we find no error in this regard. Hence, this claim fails.

Although Mr. Repine did not directly challenge the trial court's grant of summary judgment, we affirm the trial court's order. Summary judgment was premised upon the fact that Mr. Repine admitted owing the debt in question due to his defective responses to Discover's request for admissions. We held in ***Innovate, Inc. v. United Parcel Serv., Inc.***, 418 A.2d 720, 724 (Pa.Super. 1980), that a party can properly rely "on unanswered requests for admissions of fact filed under Pa.R.C.P. 4014 as a basis for a motion for summary judgment." Mr. Repine admitted the facts necessary for grant of summary judgment, which therefore was properly granted.

Order affirmed.

P.J.E. Bender joins the opinion.

Judge Solano concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/15/2017