J-A14016-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | | |
|---|---|---|---|
| GEORGE SEMIAN | : | IN THE SUPERIOR COURT OF | |
| | : | PENNSYLVANIA | |
| Appellant | : | | |
| | : | | |
| | : | | |
| v. | : | | |
| | : | | |
| | : | | |
| KNEPH, LLC D/B/A REALTY | : | No. 1692 MDA 2021 | |
| NETWORK GROUP | : | | |

Appeal from the Order Entered February 25, 2021
In the Court of Common Pleas of Lackawanna County
Civil Division at No:  2012-00442

BEFORE:   BENDER, P.J.E., STABILE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                **FILED:  SEPTEMBER 14, 2022**

Appellant, George Semian ("Semian"), appeals from the February 25, 2021 order entered in the Court of Common Pleas of Lackawanna County awarding damages to Appellee, KNEPH, LLC d/b/a Realty Network Group ("KNEPH").  Semian contends that the trial court erred in granting partial summary judgment in favor of KNEPH on July 15, 2020, and that the trial court committed evidentiary errors and rendered a decision against the weight of the evidence when it awarded $130,306.51 in damages to KNEPH in its February 25, 2021 order.  Upon review, we affirm.

Our review of the record informs the following factual and procedural background of this case.

_____

[*] Former Justice specially assigned to the Superior Court.

KNEPH entered into an asset purchase agreement ("the Agreement") in March 2011 with Semian and Gress Real Estate, Inc.. Per the terms of the Agreement, KNEPH purchased the business assets of Semian and Gress. The Agreement included a noncompete provision under which Semian agreed he would not engage in a similar real estate business for four years. On May 31, 2011, KNEPH terminated Semian's employment.

On January 20, 2012, Semian filed a complaint for declaratory judgment in which he indicated that he planned to engage in real estate transactions due to economic hardship and economic necessity. In response, KNEPH notified Semian that it intended to commence litigation and seek injunctive relief if Semian associated with another firm.

On January 21, 2015, KNEPH filed an answer and counterclaim in which it requested that the court enter injunctive relief and order Semian to comply with the noncompete agreement. KNEPH alleged six counts of breach of contract relating to Semian's breach of the Agreement and several other agreements, including an exclusive affiliation agreement, a nondisclosure and noncompetition agreement, and various loan agreements. In response, Semian denied all KNEPH's claims.

On November 2, 2018, KNEPH served discovery requests on Semian, including requests for production of documents, interrogatories, and requests

for admission.[1]  In accordance with the Pennsylvania Rules of Civil Procedure, responses to requests for production and answers to written interrogatories are to be served within thirty days after service.  Pa.R.Civ.P. 4009.12(a) and Pa.R.Civ.P. 4006(a)(2), respectively.  With regard to requests for admissions, the rules provide that requests for admission are deemed admitted "unless, within thirty days after service of the request . . . the party to whom the request is directed serves upon the party requesting the admission an answer verified by the party or an objection, signed by the party or by the party's attorney."  Pa.R.Civ.P. 4014(b).

On January 14, 2019, in light of Semian's failure to respond to the discovery requests, KNEPH filed a motion to compel in which it cited Rule 4014(b) as the basis for deeming the requests for admission admitted and asked the court to order Semian to serve responses to the requests for production and answers to interrogatories.  By order entered the same day, the court granted KNEPH's motion and directed Semian to serve discovery

---

[1] In the requests for admission, KNEPH asked that Semian admit, *inter alia*, that at the time the parties signed the Agreement, Semian warranted the accuracy of his company's books and records; that the Agreement placed value on the goodwill of the company; that he did not advise KNEPH of removal of funds from an escrow account or the inclusion of false information in the Agreement; that he had violated obligations as a licensed real estate broker; that he misappropriated funds from the client escrow account or the company's operating accounts; that he was aware that removing escrow funds violated regulatory restrictions and Pennsylvania law; and that he damaged the goodwill of the company by misappropriating funds.  Requests for Admission Nos. 3-10.

responses within 20 days, "[t]ime being of the essence."  Order, 1/14/19, at 1.

On March 14, 2019, with the discovery requests still unanswered despite the court's January 14, 2019 order, KNEPH filed a motion for partial summary judgment.  KNEPH asserted that Semian's failure to respond to KNEPH's requests for admission resulted in the matters being deemed admitted, thus entitling KNEPH to partial summary judgment on liability with respect to Counts I through IV and Count VI of KNEPH's counterclaims.[2]

The trial court conducted a hearing on KNEPH's motion for partial summary judgment on October 29, 2019.  By order entered on July 15, 2020, the court granted the motion and entered summary judgment on liability in favor of KNEPH on Counts I through IV and Count VI of its counterclaims.  The court also scheduled a hearing for November 9, 2020 on the issue of damages. Order, 7/15/20, at 1.

Following the November 9, 2020 hearing, the court received proposed findings of fact and conclusions of law from the parties.  By order entered on February 25, 2021, the court awarded damages to KNEPH totaling $130,306.51.[3]  Semian filed a timely appeal to this Court.  The appeal was

_____

[2] The motion did not seek relief on Count V, which related to a $500 loan.

[3] The court awarded $17,000 for failure to repay loans, $12,100 for breach of the Agreement related to failure to disclose misappropriation of escrow funds, and $101,206.51 for breach of the Agreement for failing to disclose
*(Footnote Continued Next Page)*

- 4 -

quashed as one not taken from a final order. Following the trial court's November 17, 2021 order disposing of the remaining matters, Semian timely filed the instant appeal and now asks us to consider the following issues:

1. Did the trial court err in granting a partial motion for summary judgment against [Semian] based on the fact that the law on requests for admissions has liberal standards for withdrawal of an admission and, further, the "admissions" were actually legal conclusions and not facts, which is not permitted under the rules of civil procedure?

2. Did the trial court err and/or abuse its discretion in permitting the use of spreadsheets as support of damages was permitted over objection, when the underlying supporting documentation was not turned over in discovery despite requests for the same, rendering all damages too speculative under the law?

3. Is the trial court's decision against the weight of the evidence as there was no evidence which ties $100,000 to KNEPH since Mark DeStefano is not a party to this case?

4. Did the trial court err in permitting Helen Lavelle or a representative of the Lavelle Strategy Group to testify when the person and/or agent was never disclosed in discovery, despite a continuing obligation to do so under the rules of civil procedure, and which ultimately created an unfair surprise?

Semian's Brief at 5.

In his first issue, Semian argues the trial court erred by granting partial summary judgment against him based on Pa.R.Civ.P. 4014's directive that requests for admissions are deemed admitted if not answered within thirty days. As this Court has explained:

---

misappropriation of escrow funds and inclusion of false information that required KNEPH to rebrand the company. Order, 2/25/21, at 1-2.

When reviewing a grant of summary judgment, the appropriate scope and standard of review are as follows:

> In reviewing an order granting summary judgment, our scope of review is plenary, and our standard of review is the same as that applied by the trial court. Our Supreme Court has stated the applicable standard of review as follows: [A]n appellate court may reverse the entry of a summary judgment only where it finds that the lower court erred in concluding that the matter presented no genuine issue as to any material fact and that it is clear that the moving party was entitled to a judgment as a matter of law. In making this assessment, we view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. As our inquiry involves solely questions of law, our review is de novo.

*Harris v. NGK North American, Inc.*, 19 A.3d 1053, 1063 (Pa. Super. 2011) (quoting *Jones v. Levin*, 940 A.2d 451, 453 (Pa. Super. 2007) (internal citations omitted)).

Again, Rule 4014(b) provides, in pertinent part, that each matter of which an admission is requested "is admitted unless, within thirty days after service of the request, . . . the party to whom the request is directed serves upon the party requesting the admission an answer verified by the party or an objection, signed by the party or by the party's attorney[.]" Here, KNEPH served requests for admissions on November 2, 2018. Semian did not file answers or objections to the requests. Therefore, the requests were deemed admitted on December 2, 2018.

In accordance with Rule 4014(d), "[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or

amendment of the admission." However, Semian did not file a motion seeking withdrawal or amendment of the admissions, even after KNEPH filed a motion to compel on January 14, 2019, seeking responses to outstanding requests for production of documents and interrogatories and citing Rule 4014(b) as the basis for deeming the requests for admission admitted.

Although the court granted the motion to compel that same day and ordered Semian to answer the outstanding discovery requests within twenty days, Semian did not comply and did nothing with respect to the requests for admissions. Two months later, on March 14, 2019, KNEPH filed its motion for partial summary judgment, seeking a determination of liability based on Rule 4014 because the requests for admission were deemed admitted.

In the response to the motion Semian filed four and a half months later, Semian denied that the requests for admission were deemed admitted, contending answers to the requests were provided on April 26, 2019, and further suggesting the requests called for legal conclusions. Semian's Answer to KNEPH's Motion for Partial Summary Judgment, 7/29/19, at ¶ 16. However, Semian did not explain how responses filed on April 26, 2019 somehow acted to override the provisions of Rule 4014(b), which resulted in the unanswered requests being deemed admitted as of December 2, 2018. Nor did he identify which of the 29 requests for admission supposedly called for conclusions of law. Moreover, Semian never filed a motion asking the court to withdraw the admissions, instead seemingly suggesting—without citing any authority—that

filing an answer to the motion for partial summary judgment served as a viable substitute.[4]

In its Rule 1925(a) opinion, the trial court addressed the grant of partial summary judgment on the issue of liability, explaining that "[f]ailure to respond to a request for admission deems the facts contained within the request admitted by the party from whom the admission was sought."  Rule 1925(a) Opinion, 2/9/22, at 14 (citing **Richard T. Byrnes Co. v. Buss Automation, Inc.**, 609 A.2d 1360, 1367 (Pa. Super. 1992)).  In **Byrnes**, this Court recognized that "if the party from whom the admissions were sought fails to respond, by either answering or objecting thereto, within the established time frame, that party runs the risk of having those facts deemed admitted."  **Id.** at 1367 (citing **Innovate, In. v. United Parcel Service, Inc.**, 418 A.2d 720 (Pa. Super. 1980)).   As was the case in **Byrnes**, where the party chose to ignore the rule, the trial court properly granted summary judgment because a party's failure to respond to the requests for admission resulted in "the facts as set forth in the request for admissions [being] conclusively binding on him" because he chose not to file an answer to the

_____

[4] In his brief filed with this Court, Semian complains that three of the 29 requests for admission (Nos. 6, 7 and 10) called for legal conclusions. However, when he untimely served responses nearly five months after the requests were deemed admitted, he did not object to any requests as calling for conclusions of law.  **See** Semian's Answer to KNEPH's Motion for Partial Summary Judgment, 7/29/19, at Exhibit 1.  Moreover, we agree with KNEPH's assertion that the remaining admitted requests were sufficient to support the grant of summary judgment.  **See** KNEPH's Brief at 24.

request for admission or file objections to the request. *Id.* at 1364 (quoting

***Innovate***, 418 A.2d at 723).

> Likewise, in the case at bar, Semian failed to respond or object to any requests for admission until seven (7) years after the requests were made.[5] [Semian] believes that the requests should be withdrawn as KNEPH waited until Semian reapplied and regained his real estate license to continue litigating the case. However, this is not sufficient reason for failing to respond to or object to the admissions, as the rule clearly states. Accordingly, the Motion for Partial Summary Judgment was properly decided and [Semian's] appeal from the Order is not supported by the record before the Court.

Rule 1925(a) Opinion, 2/9/22, at 14.

Finding no error in the trial court's grant of partial summary judgment

on liability, we affirm the court's July 15, 2020 order. Semian's first issue

fails.

In Semian's remaining issues, he challenges the trial court's rulings on

evidentiary matters. We review a trial court's evidentiary decisions under an

abuse of discretion standard. ***Hassel v. Franzi***, 207 A.3d 939, 950 (Pa.

Super. 2019).

_____

[5] Clearly, the trial court's reference to requests going unanswered for seven years was an inadvertent error. As the court's opinion correctly reflects, KNEPH sought partial summary judgment based on Semian's failure to respond to discovery requests, including the requests for admission, "for over five (5) months, despite a court order compelling [Semian] to comply[.]" Rule 1925(a) Opinion, 2/9/22, at 11-12. Semian opposed the motion, in part based on its contention that the documents were to be submitted within thirty days "even though there was nothing done on the case for seven (7) years prior thereto." *Id.* at 12.

In his second issue, Semian argues that the trial court erred or abused its discretion by permitting, over objection, the use of spreadsheets rather than tax returns in support of KNEPH's damages claims. He contends the supporting documentation was not provided in discovery despite requests for same, thereby rendering damages evidence too speculative. KNEPH counters that tax returns were irrelevant because the evidence that was presented was not speculative but was properly admitted, and "was produced in discovery, relevant, prepared in the ordinary course of business, and properly authenticated." KNEPH's Brief at 14.

The trial court agreed with KNEPH and rejected Semian's challenge, noting KNEPH met its burden and established a proper method of measuring damages.

> Through the testimony presented at the damages hearing, where the witnesses were subject to cross-examination, KNEPH submitted and presented sufficient evidence to prove damages as awarded by the court. First, Mark DeStefano, a managing member for the legal entity KNEPH testified to various loans paid on behalf of Semian. He also submitted a spreadsheet that detailed the dates, amounts, and loans that were specifically paid. Specifically, the document was titled a Transaction Report, and was prepared in the ordinary course of business, to document the loans paid out on behalf of Semian. Additionally, DeStefano provided an email between him and Semian outlining the advancement of an $11,500 loan and that this would be the final advancement to Semian, to which Semian replied to the effect that he agreed to that position. In total, the testimony and documents showed that KNEPH advanced loan payments in the amount of $17,000. We submit that the record of testimony and evidence submitted by KNEPH supports the findings of the court relative to damages.

Rule 1925(a) Opinion, 2/9/22, at 15-16 (with minor alterations).

We find no abuse of discretion on the part of the trial court in accepting KNEPH's and DeStefano's documents and testimony as sufficient evidence of damages. Semian's second issue fails.

In his third issue, Semian contends the trial court's attribution of a $100,000 loan from DeStefano to KNEPH is against the weight of the evidence because DeStefano is not a party and there is nothing to tie the loan to any losses by Semian. While he phrases the issue in terms of weight of the evidence, his brief addresses the issue in terms of being too speculative to support the award of damages.

The trial court rejected Semian's contentions, explaining that upon discovery of missing escrow funds for which Semian was criminally charged, KNEPH "issued checks or entered into settlement agreements with all clients that had discrepancies related to escrow funds." Rule 1925(a) Opinion, 2/9/22, at 16. The court recounted DeStefano's testimony at the November 9, 2020 hearing during which he provided a detailed list of the missing escrow funds totaling $12,100, evidence not adequately refuted by Semian at the hearing. *Id.* at 16-17. DeStefano also described the rebranding efforts KNEPH undertook, working with the Lavelle Strategy Group, to distance itself from Semian and his criminal conduct. Over Semian's objection, DeStefano presented evidence of the $100,000 loan he used to pay for the rebranding effort. As the court explained:

> DeStefano was able to show that each invoice was paid on behalf of KNEPH. The various invoices from Lavelle Strategy Group totaled $101,206.51, an amount in excess of the $100,000 loan DeStefano took out to help re-brand the company. The invoices were submitted to the court at the damages hearing and a representative from Lavelle Strategy Group testified and confirmed the amounts paid. As such, KNEPH has met their burden and established a proper measure of evidence to sustain the damages award in the amount of $130,306.51 and accordingly the order on damages as entered by the court was properly based upon a method of determining damages that was supported by the record of testimony and evidence[.]

*Id.* at 17 (with minor alterations). We find no abuse of discretion in the trial court's disposition of Semian's challenge to Stefano's testimony regarding his loan and his efforts on behalf of KNEPH as a managing member of the company.[6]

In his fourth issue, Semian asserts trial court error for permitting Helen Lavelle to testify because she was not disclosed as a witness in discovery. The trial court explained:

> KNEPH addressed this issue and stated that it would have provided a list of witnesses in accordance with a schedule provided by the court, and a scheduling order was never issued. Additionally, KNEPH asserted that since summary judgment was previously granted [on liability] a pretrial conference was never held and the

_____

[6] Acknowledging that Semian phrased his third issue as one involving weight of the evidence, "[w]e note that a true weight of the evidence challenge concedes that sufficient evidence exists to sustain the verdict." *Armbruster v. Horowitz*, 744 A.2d 285, 286 (Pa. Super. 1999) (internal citation and quotations omitted). Further, "[a]n allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court." *Commonwealth v. Widmer*, 744 A.2d 745, 751-52 (Pa. 2000). Again, we find no abuse of discretion on the part of the trial court. Semian would not be entitled to relief even assuming his third issue implicated weight of the evidence principles.

- 12 -

court went right into the damages issues. . . . In support of his appeal on this issue, as set forth in his Rule 1925 filing, Semian has submitted no case law stating that Lavelle should not have been allowed to testify at the damages hearing. . . . [T]he court was within its discretion to allow Lavelle to testify at the damages hearing even though she was not on a witness list. Finally, Semian was not prejudiced as he was still afforded an opportunity to cross-examine the witness as well as question her on the evidence she provided.

*Id.* at 18-19 (with minor alterations).

KNEPH acknowledges that Semian did cite two cases in his appellate brief that addressed preclusion of witness testimony and recognized that witness preclusion is a drastic sanction. However, "the two cases cited in [Semian's] appellate brief actually hold that it was reversible error for the trial court to exclude the testimony of witnesses that had not been disclosed." KNPEH's Brief at 42. Quoting one of those cases, KNEPH recognized that "[i]t has been held repeatedly . . . that whether an undisclosed witness shall be permitted to testify is discretionary with the trial court and the trial court should not preclude testimony in the absence of prejudice." *Id.* at 45 (quoting *Feingold v. Southeastern Pennsylvania Transp. Auth.*, 488 A.2d 284, 288 (Pa. Super. 1985)).

As KNEPH argues, Semian cannot credibly claim to have been surprised by Lavelle's testimony in light of the fact the Lavelle Group's invoices were produced in discovery. *Id.* at 45. Moreover, even if there was error in admitting her testimony, the error was harmless because her testimony was

cumulative of the testimony of other witnesses, including DeStefano. *Id.* at 46-47.

We agree. Finding no abuse of discretion on the part of the trial court for permitting Lavelle's testimony, we shall not disturb the court's ruling. Semian is not entitled to relief on his fourth issue.

Finding no error in the trial court's grant of summary judgment or abuse of discretion in its evidentiary rulings, we affirm the court's February 25, 2021 order awarding damages to KNEPH.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/14/2022